RENAULT, INC., Respondent, v. AUTO IMPORTS, LTD., et al., Appellants.

The appeal is only from that part of the order granting the severance and directing a separate trial. The entire litigation between the parties revolves around a controversy unitary in nature and which in the interest of conservation of available judicial facilities should be litigated at one time. The order directs that the plaintiff's cause of action based on a promissory note and a guarantee, and the affirmative defenses asserted in the answer of fraud, duress and coercion, be litigated in one trial; and the counterclaim which is based on purported acts of the plaintiff in violation of section 340 of the General Business Law to the damage of defendant Auto Imports, Ltd., the prime obligee on the note held by plaintiff be severed and tried separately. The entire litigation grows from the relationship of Auto Imports as an agent of plaintiff, and the main obligation relied on by the plaintiff; the affirmative defenses to that obligation; and the cause of action for violations of Auto Imports' business rights, all revolve around these relationships. The proof on the plaintiff's cause of action should occupy a very short time at the trial, since the execution of the formal papers is not disputed. If there are two trials, the complicated relationships between plaintiff and Auto Imports will inevitably be examined more or less fully on each trial and cannot, as a practical matter, be kept entirely separate. It is preferable in this situation to examine them together once in a single trial. There seems no sound reason why the separate issues involved cannot adequately be adjudicated together. If the counterclaim is defective as a matter of law, plaintiff has an appropriate remedy; but that is not the question that arises on severance. Order, entered on January 9, 1962, denying defendants' motion to strike plaintiff's note of issue and statement of readiness, unanimously reversed, with $10 costs and disbursements to the appellants, and the motion granted. Although plaintiff's

discovery proceedings and examinations before trial were completed before the motion was made, defendants' examinations were not completed and full opportunity to the defendants to complete pretrial procedures after the completion of plaintiff's examinations was not afforded. The attorney for defendants stated in his affidavit that one of the attorneys for plaintiff told him during a pretrial examination conducted by plaintiff that he "would resist * * * any attempt by the defendants to examine the plaintiff before trial or to have any other discovery proceedings until the plaintiff had finished its examination before trial." This sequence of pretrial proceedings would be normal in the usual course, but the result of the order is that defendants have been cut off from their pretrial proceedings. Concur—Rabin, J. P., Valente, Stevens, Eager and Bergan, JJ.